**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER<br>Plaintiff,<br>vs.<br>SAINT PETER'S UNIVERSITY HOSPITAL,<br>Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, North Jersey Brain & Spine Center ("NJBSC"), as assignee of benefits from defendant subscriber's dependent, W.R. (Subscriber ID# 3HZN00572840) (initials used to protect the dependent's identity), by way of Complaint against defendant Saint Peter's University Hospital ("Hospital"), alleges as follows:

### JURISDICTION

1. This action is brought pursuant to a federal question under the federal ERISA statute, codified at §502, 28 U.S.C. §1332.

2. Venue is proper in this district because the Hospital, inter alia, conducts business within this judicial district and did so with plaintiff with respect to the matters that gave rise to this lawsuit.

### THE PARTIES

3. NJBSC is a medical practice specializing in surgery and treatment of the brain and spinal cord and having its office located at 680 Kinderkamack Road, Suite 300,

Oradell, New Jersey 07649. At all relevant times, NJBSC was (and is) a non-participating medical practice that performed significant emergent surgical and other medical procedures on W.R. on several dates of service including, without limitation, dates of service throughout the months of February and March 2011.

4. The Hospital is, upon information and belief, an employer and plan sponsor maintaining its place of business at 254 Easton Avenue, New Brunswick, New Jersey 08901. At all relevant times, the Hospital provided health and medical benefits to W.R. including such benefits on the dates of service at issue.

## FACTS COMMON TO ALL COUNTS

5. On the dates of service at issue, NJBSC's neurosurgeons performed authorized and medically necessary and/or emergent complex neurosurgical procedures on W.R.

6. Following the rendering of said procedures, and pursuant to an assignment of benefits, NJBSC submitted its bills to the Hospital, or its administrator Horizon Blue Cross Blue Shield ("Horizon"), for processing and payment. To the extent that the Hospital may assert an anti-assignment provision, that provision (assuming it is legally valid) has been waived by and through the course of dealings between NJBSC, the Hospital and Horizon.

7. Said procedures, however, have not been properly paid by the Hospital. Specifically, the Hospital arbitrarily and capriciously reduced payment by skewing the appropriate "Reasonable and Customary" charges that should have been paid and/or arbitrarily and capriciously reduced payment by failing to process the procedures in accordance with the emergent nature of the procedures.

8. NJBSC has appealed many of the adverse determinations, without success or the payment of additional benefits. All appeals have now been exhausted and/or further appeals would be futile because the Hospital and/or Horizon have determined that no further benefits will be paid.

9. By and through this action, NJBSC, as the assignee of benefits from W.R., seeks damages/benefits for the Hospital's arbitrary and capricious actions as set forth herein.

## FIRST COUNT
### (ERISA 29 U.S.C. § 1132(a)(1)(B))

10. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

11. The Hospital's actions as set forth above constitute an arbitrary and capricious breach of the terms of the subject insurance plan entered into between the defendant and W.R. wherein the defendant agreed to provide W.R. with medical expense benefits for the surgical medical services provided by the plaintiff.

12. NJBSC is entitled to recover said medical expense benefits pursuant to ERISA, as an assignee of the benefits from W.R., pursuant to the benefit plan at issue.

13. The denial of said medical expense benefits constitutes a breach of the plan between the Hospital and NJBSC, as assignee. The plaintiff therefore seeks reimbursement and compensation for any and all benefits it should have received as a result of the defendant's failure to provide coverage.

14. As a direct and proximate result of the aforementioned conduct of the Hospital, NJBSC has been damaged in an amount equal to the amount of benefits to which

the plaintiff should have been entitled to under the terms of the subject plan. In addition, the plaintiff is entitled to pre-judgment interest at the appropriate rate.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Damages and compensation payable under the subject ERISA benefit plan to reimburse plaintiff for medical expense benefits and payments that the plaintiff is entitled to receive as an assignee of such benefits from the participant;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA 29 U.S.C. § 1132(g)(1))

15. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

16. 29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

17. As a result of the actions and failings of the defendant, the plaintiff had to retain the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action. Further, NJBSC anticipates incurring additional attorneys' fees and costs in pursuing this action to conclusion in an amount which will be calculated at the conclusion of the action.

18. The plaintiff therefore requests an award of reasonable attorneys' fees and costs.

WHEREFORE, plaintiff demands judgment against defendant for:

a) Damages and compensation payable under the subject ERISA benefit plan to reimburse plaintiff for medical expense benefits and payments that the plaintiff is entitled to receive as an assignee of such benefits from the participant;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff


By: _/s/ Eric D. Katz_
ERIC D. KATZ

DATED: January 3, 2013

5